# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., OAKLEY, INC., and COSTA DEL MAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> [REDACTED], [REDACTED], [REDACTED], and the OPERATOR OF WEBSITE [REDACTED], <br><br> Defendants. | Case No. 21-cv-05078 <br><br> **Judge Virginia M. Kendall** <br><br> **Magistrate Judge Sheila M. Finnegan** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs Luxottica Group S.p.A., Oakley, Inc., and Costa Del Mar, Inc. (collectively, "Plaintiffs") request this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Jason Groppe and any e-mail addresses provided for the Defendants by third parties that includes a link to said website. Plaintiffs submit that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from and payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using counterfeit trademarks typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications

1

to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiffs will almost certainly be left without the ability to pursue a final judgment.

E-commerce store operators must provide a valid email address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are all residents of China. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and

Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Gaudio Declaration at ¶ 3.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al*., No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (unpublished) (same). The Hague Convention also does not preclude service by e-mail. Gaudio Declaration at ¶ 6. *See e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC,* 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where court held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiffs. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiffs to serve the Defendants via electronic publication and e-mail.

For the reasons set forth herein, Plaintiffs respectfully request this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically

and provides for issuance of a single original summons[1] in the name of "[REDACTED], [REDACTED], [REDACTED], and the Operator of the Website [REDACTED]" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated this 28th day of September 2021.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiffs*
*Luxottica Group S.p.A., Oakley, Inc., and Costa Del Mar, Inc.*

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).